# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>DAMASIO RAMIREZ-RODRIGUEZ,<br><br>                              Defendant. | Case No.: 96cr1630-MMA<br>*Related Case No.: 17cv842-MMA*<br><br>**ORDER SUMMARILY DISMISSING DEFENDANT'S MOTION TO VACATE CONVICTION PURSUANT TO 28 U.S.C. § 2255**<br><br>[Doc. No. 32] |

On August 29, 1996, Defendant Damasio Ramirez-Rodriguez was charged in a single-count Information with possession of marijuana with the intent to distribute, in violation of Title 21, United States Code, section 841(a)(1). *See* Doc. No. 9. Defendant pleaded guilty and was sentenced to a 24 month term of imprisonment and given a self-surrender date of March 17, 1997. *See* Doc. Nos. 14, 20. When Defendant failed to surrender as ordered, the Court issued a bench warrant for his arrest. Thereafter, a grand jury indicted Defendant for bail jumping. *See* Case No. 3:99-cr-232-B. On June 20, 2007, on the government's motion, the Court dismissed the Indictment in the bail jumping case. *See* 1999 Case, Doc. No. 7. That same date, the government represented that Defendant was in the custody of the State of Idaho Department of Corrections

1

serving sentences on three Idaho narcotics distribution convictions, and upon his release from state custody, Defendant would be brought over to serve his 24 month sentence in this case. *See* Doc. No. 26. Accordingly, the Court issued a renewed bench warrant for Defendant's arrest. *See* Doc. No. 27. Defendant remains in the custody of the Idaho Department of Corrections, and will not be eligible for parole until December 2017.[1] The bench warrant in this case remains outstanding.

Defendant now moves to vacate his conviction and sentence pursuant to Title 28, section 2255, alleging violation of his Sixth Amendment right to a speedy trial. *See* Doc. No. 32. For the reasons set forth below, the Court summarily **DISMISSES** Defendant's motion.

## DISCUSSION

### 1. Legal Standard

Section 2255 provides that if a defendant's motion, file, and records "conclusively show that the movant is entitled to no relief" the Court summarily may dismiss the motion without sending it to the United States Attorney for response. *See* 28 U.S.C. § 2255(b). The rules regarding Section 2255 proceedings similarly state that the Court summarily may order dismissal of a 2255 motion without service upon the United States Attorney only "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." Rule 4 of the Rules Governing Section 2255 Proceedings. Thus, when a movant fails to state a claim upon which relief can be granted, or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

---

[1] *See* https://www.idoc.idaho.gov/content/prisons/offender_search/detail/80908?last_page=1 (last accessed on 3/6/2017).

*2.    Analysis*

As a threshold matter, the Court must determine whether Defendant's motion is barred by the applicable statute of limitations. Section 2255 includes a one-year period statute of limitations. *Id.* § 2255(f). The one-year limitations period generally runs from the date on which the judgment of conviction becomes final. *Id.* § 2255(f)(1). The Court entered judgment in this case on February 6, 1997, and Defendant did not appeal. *See* Doc. No. 20. Defendant's judgment of conviction became final when the time for direct appeal expired on February 20, 1997. *See* Fed. R. App. P. 4(b)(1)(A); 28 U.S.C. § 2255(f)(1). As such, the statute of limitations has long since expired, and Defendant's motion is time-barred unless an alternative triggering date applies.

A defendant may sometimes be entitled to a later start to the one-year limitations period than the date on which the judgment of conviction becomes final. Section 2255(f)(2)-(4) provides that the limitations period starts to run after the latest of the following events: the date on which a government-created impediment to the filing of the motion was removed; "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or, "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(2)-(4).

Here, none of these later triggering events assist Defendant. Defendant does not assert otherwise – in fact he does not address the statute of limitations in his moving papers. First, there is nothing in the record to suggest the government created any impediment to Defendant filing a 2255 motion within a year of his conviction becoming final. Second, Defendant is not asserting a "newly recognized" right made retroactively applicable to his case. Third, Defendant's claim does not arise out of any "new facts" which could not have been discovered with due diligence within one year after his conviction became final. Fourth, the Court notes that the time for filing a 2255 motion may be equitably tolled if the defendant demonstrates "that he has been pursuing his

3

96cr1630-MMA

rights diligently, and . . . some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010). Defendant has made no such showing in this case. And, for the reasons set forth above, the record reflects that Defendant did not pursue his rights diligently. In sum, Defendant's motion is time-barred under Section 2255(f) and therefore subject to summary dismissal.[2]

Finally, Defendant requests that the Court resentence him to a custodial term of time-served, or in the alternative, order his federal sentence to retroactively run concurrently to his Idaho sentence. In short, Defendant wishes to be deported to Mexico as soon as he completes his current term of state custody, without having to serve his outstanding 24 month sentence in this case. With respect to Defendant's request for resentencing, the Court notes that irrespective of the reasons proffered, a court generally "may not correct or modify a sentence of imprisonment once it has been imposed." *United States v. Aguilar-Reyes*, 653 F.3d 1053, 1055 (9th Cir. 2011). Title 18, section 3582(c) provides only three exceptions to this broad prohibition: (1) upon the motion of the Director of the Bureau of Prisons; (2) where the modification is expressly permitted by statute or by Federal Rule of Criminal Procedure 35; or (3) where the applicable sentencing range has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). These exceptions do not apply in this case. Nor does Title 18, section 3553, provide any basis for modifying Defendant's existing sentence. *See Aguilar-Reyes*, 653 F.3d at 1055 ("18 U.S.C. § 3553. . .provides no basis for modifying a sentence.").

## **CERTIFICATE OF APPEALABILITY**

Defendant may not appeal this Court's order of dismissal without first obtaining a

---

[2] The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the record. *See Blackledge v. Allison*, 431 U.S. 63, 76 (1977); *see also United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a Section 2255 claim where the files and records conclusively show that the movant is not entitled to relief"). Here, a review of the record conclusively establishes that Defendant's motion is untimely. He is "not entitled to relief" and therefore an evidentiary hearing is neither warranted nor required.

certificate of appealability pursuant to Title 28, Section 2253(c)(1)(B). In order to obtain such a certificate, a defendant must make "a substantial showing of the denial of a constitutional right" as to each issue he seeks to appeal. 28 U.S.C. § 2253(c)(2),(3). When, as here, a

> district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Defendant fails to show that "jurists or reason would find it debatable" whether this court is correct in determining that Defendant's 2255 motion is untimely. As such, the Court declines to issue a certificate of appealability.

## CONCLUSION

Based on the foregoing, the Court summarily **DISMISSES** Defendant's motion to vacate his conviction pursuant to 28 U.S.C. § 2255. The Court **DECLINES** to issue a certificate of appealability. The Clerk of Court is instructed to enter judgment accordingly in the related civil case.

**IT IS SO ORDERED**.

DATE: April 28, 2017

HON. MICHAEL M. ANELLO
United States District Judge